**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | No. 21 CR 536 |
| v.  ) | |
| ) | |
| KAROL J. CHWIESIUK &  ) | Hon. Kollar-Kotelly |
| AGNIESZKA CHWIESIUK  ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

The defendants, Karol J. Chwiesiuk and Agnieszka Chwiesiuk, through their counsel, respectfully request that this Court grant the following motions *in limine*. In support, the Chwiesiuks state:

**I.   Statement of Facts**

Karol J. Chwiesiuk and Agnieszka Chwiesiuk are charged in connection to the events occurring at the United States Capitol on January 6, 2021. Both defendants are charged with entering and remaining in a restricted building in violation of 18 U.S.C. § 1752(a)(1) (Count One); disorderly or disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2) (Count Two); disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five). Dkt. 54. Karol J. Chwiesiuk is further charged with entering or remaining in a room designated for the use of a member of Congress in violation of 40 U.S.C. § 5104(e)(2)(C)(i) (Count Three). *Id.*

**II.   Argument**

The Federal Rules of Evidence permit the admission of relevant evidence. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The bar for relevance is low. *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993). However, the Court may exclude

1

relevant evidence "if its probative value is substantially outweighed by a danger of… "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

    **A.    Joint Motion to Preclude the Government and its Witnesses from Using Prejudicial Terminology**

Both defendants respectfully request that this Court preclude the government from using prejudicial terminology to refer to them and the events of January 6. Specifically, they move to preclude the use of the term "insurrectionist," or "insurrection." In general, "the use of insults or slurs in lawyers' arguments," is only permissible if "tied to specific conduct at issue in the trial." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998). This means that "insulting language may not be "used as a generalized attack on [a defendant's] character," but only 'as a description of the manner in which he' performed the offense conduct." *United States v. Rhine*, No. 21 CR 0687, 2023 U.S. Dist. LEXIS 27764, at *24 (D.D.C. Feb. 17, 2023) quoting *Gartmon*, 146 F.3d at 1024.

In *Rhine*, the Court addressed the issues surrounding these specific terms in reference to January 6 cases. *Id.* There, the Court found that while generic terms like "mob," and "riot," may be appropriate, "insurrection" and "insurrectionist" are different because of how they are defined. *Id.* at *25. Insurrection is defined as "an act or instance of revolting against civil authority or an established government."[1] Thus, as the Court in *Rhine* reasoned, "these terms imply intent in a way that separates them from generic terms…" *Id.* Further, the Court found that their use may serve to connect the defendant to other January 6 defendants who are charged with seditious conspiracy. *Id.* Therefore, the Court held that "the Government may not argue or elicit testimony that Defendant participated in an "insurrection" or is an "insurrectionist" absent a specific showing, outside the

---

[1] Insurrection, Merriam-Webster.Com, https://www.merriam-webster.com/dictionary/insurrection (last visited Mar. 24, 2023).

presence of the jury, that use of those terms is "an accurate description" that is "tied to specific conduct at issue in the trial." *Id.* at *26 quoting *Gartmon*, 146 F.3d at 1024.

The same dangers of undue prejudice are present in the instant case. These terms are frequently used to describe the collective events of January 6 as well as those participants accused of seditious conspiracy and acts of violence. The Chwiesiuks are not charged with such offenses and an association with those participants creates a risk that the jury will be biased against him. Further, these terms do imply an intent, especially in that using a word that means "revolting against an established government," may cause the jury to improperly conclude that the defendant acted "with intent to impede or disrupt the orderly conduct of Government business," regardless of the evidence. 18 U.S.C. § 1752(a)(2). Thus, their use would create a risk of "an undue tendency to suggest a decision on an improper basis," *Gartmon*, 146 F.3d at 1021 quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

The defendants further request that the Court preclude the government and its witnesses from using words that suggest the legal conclusions the jury will be asked to determine. For example, a witness should not be permitted to testify that the defendants were engaging in "disorderly conduct," or were "demonstrating," or "trespassing." While such terms would be properly used in argument, their use in testimony during the presentation of evidence would "intrude upon the duties of, and effectively substitute for the judgment of, the trier of fact and the responsibility of the Court to instruct the trier of fact on the law." *United States ex rel. Mossey v. Pal-Tech, Inc.,* 231 F. Supp. 2d 94, 98 (D.D.C. 2002). For these reasons, the defendants respectfully request that this Court grant their motion to preclude the government from using prejudicial terminology at trial.

**B.     Karol Chwiesiuk's Motion to Preclude the Government from Introducing Evidence of Prejudicial Text Messages**

Karol Chwiesiuk respectfully requests that this Court preclude the government from introducing evidence of specific text messages included in the criminal complaint because any probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 401, 403. First, Mr. Chwiesiuk moves to exclude portions of the following two text messages:

*Sunday, January 3, 2021, @ Unknown Time*

CHWIESIUK: Sounds fun. I'm going to dc

SUBSCRIBER: When? And for what?

CHWIESIUK: To save the nation. Leaving tomorrow or the 5th

SUBSCRIBER: So still on medical leave? Fat man child lost. Give it up. Like 1-65 in the courts with his lawyers not even filing for fraud and likely to get sanctioned.

CHWIESIUK: Sanctioned. Courts ruled solely on merits. Im fuck up some commies

*Sunday, January 3, 2021 @ 11:00 PM*

SUBSCRIBER: Think you meant standing. Some ruled on standing, other ruled on standing and merits. The cases being brought forward aren't of voter fraud. The go to court with zero evidence and get embarrassed by the judges. There's a reason Giuliani and Powell are leading the charge. Rudy didn't know standard legal terminology. They're television lawyers, not real ones.

CHWIESIUK: Didn't read. Busy planning how to fuck up commies

*Wednesday, January 6, 2021 @ 11:28 AM*

SUBSCRIBER: You there? In DC?

CHWIESIUK: [picture of street performer known as the Naked Cowboy[2] in the vicinity of the Washington Monument]

SUBSCRIBER: Is that a yes?

CHWIESIUK: Yeye. Knocked out a commie last night. Don't tell [redacted]

SUBSCRIBER: You get pepper sprayed?

CHWIESIUK: Lol no

CHWIESIUK: [image of a blue location circle on a map of Washington, D.C., in front of The White House]

CHWIESIUK: Met j

CHWIESIUK: [IMAGE 7 (below)]

ECF No. 1 at 7-8. Specifically, Mr. Chwiesiuk seeks to exclude the portions suggesting he planned to engage in violence, or did engage in violence against "commies." These portions of the texts are not relevant to any fact of consequence. Fed. R. Evid. 401. They do not demonstrate the specific intent related to the charges, an intent to impede or disrupt government business, or to impede or disrupt a session of Congress. 18 U.S.C. § 1752(a)(2); 40 U.S.C. §5104(e)(2)(D). There is no allegation that Mr. Chwiesiuk "knocked out" any other person in connection to these charges.

4

Further, because there is no context to this conversation with an unidentified subscriber, there is no indication of to whom exactly Mr. Chwiesiuk refers or whether the statements were made in jest. Thus, the portions of the texts that the defendant seeks to exclude have no relevance and should be excluded.

If there is a probative value, it is substantially outweighed by the risk of prejudice. Fed. R. Evid. 403. These text messages would suggest to the jury that Mr. Chwiesiuk is a violent person who could have hurt someone on January 6 despite there being no such allegation against him. Further, the term "commie," is likely shorthand for "communist," and thus creates a risk that the jury will be biased against Mr. Chwiesiuk for his political beliefs or his perceived opinions on others' political beliefs. Because there is no context in the messages itself, the jury may guess as to Mr. Chwiesiuk's meaning or Mr. Chwiesiuk may feel pressured to testify to explain what he meant. In a trial that will already have significant ties to intense political divisions, these text messages would only create a danger of undue prejudice. Thus, the risk of prejudice outweighs the probative value.

Should the Court find that other portions of these text messages are generally relevant, Mr. Chwiesiuk requests that the portions suggesting he engaged in violence be redacted. For example, if the government intends to introduce the text messages to demonstrate Mr. Chwiesiuk's cause for traveling, such as his statement that he was going "to save the nation," the following statement about "commies," can easily be redacted without affecting this purpose for admission. Similarly, if the government intends to introduce the text messages to demonstrate that Mr. Chwiesiuk sent his location to a friend or confirmed that he was present, his affirmative response to "You there? In DC?" serves this purpose, while a seemingly untrue statement that he knocked someone out would only create a risk of prejudice.

Mr. Chwiesiuk further moves to exclude the following two text messages:

| | | | |
|---|---|---|---|
| SUBSCRIBER: | Token black guy? You go down by yourself or with a group? | | Wednesday, January 13, 2021 @ 10:53 PM |
| CHWIESIUK: | Mericans yes. There's so many blacks here I'm actually in disbelief | CHWIESIUK: | Nigga Don't snitch |
| SUBSCRIBER: | "The Q crew?" | | |
| CHWIESIUK: | Who? | | |
| SUBSCRIBER: | People down there lol | | |

ECF No. 1 at 11-12. First, neither of these messages are relevant to the charges in this case. The first text message was sent by subscriber to Mr. Chwiesiuk in response to a photograph which this motion does not seek to exclude. *See Id.* at 11. However, the message itself is not relevant in that it adds no context to that photograph, nor does it have a tendency to make any fact of consequence more or less likely. On the other hand, it creates a great risk of undue prejudice. The text message refers to groups of people by their race and may be interpreted as Mr. Chweisiuk demonstrating a bias. Again, the context and meaning are unclear, which may cause the jury to create their own meaning or may cause Mr. Chwiesiuk to feel pressured to testify to explain. Considering the relevance of this exchange is unclear, any probative value is substantially outweighed by the risk of prejudice.

Similarly, the second text message using a racial slur is not relevant and would only serve to prejudice the jury against Mr. Chwiesiuk. Should the Court find that it is relevant for the phrase, "Don't snitch," it could easily be redacted without affecting the purpose for its admission. However, the use of highly inflammatory language would serve no purpose other than to suggest that Mr. Chwiesiuk holds racist beliefs, an implication that would surely prejudice any jury against him. There is no probative value to this portion of the text message and thus, it should be excluded under Rules 401 or 403. For these reasons, Mr. Chwiesiuk respectfully requests that these text messages be excluded or that the prejudicial elements within them be redacted.

6

### III. Conclusion

For these reasons, the defendants, Karol J. Chwiesiuk and Agnieszka Chwiesiuk, respectfully request that this Court grant their motions *in limine*.

Respectfully submitted,

*/s/ Nishay K. Sanan*
nsanan@aol.com

*/s/ Cece White*
cece@sananlaw.com

Nishay K. Sanan, Esq.
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-692-0360
Fax: 312-957-0111